1  ARNOLDO CASILLAS, ESQ., SBN 158519
   CASILLAS, MORENO & ASSOCIATES
2  3500 W. Beverly Blvd.
   Montebello, CA 90640
3  Telephone: (323) 725-0917
   Facsimile: (323) 725-0350
4  Email: acasillas@morenolawoffices.com

5  Attorneys for Plaintiffs,
   ESTATE OF YANIRA SERRANO, by
6  and through successors in interest,
   ARMEN GARCIA and IGNACIO
7  SERRANO, and CARMEN GARCIA,
   IGNACIO SERRANO, LORENZO
8  SERRANO, individually.

9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  ESTATE OF YANIRA SERRANO,      )    Case Number:
    by and through successors in interest,  )
14  CARMEN GARCIA and IGNACIO      )
    SERRANO, and CARMEN GARCIA,    )
15  IGNACIO SERRANO, LORENZO       )    **COMPLAINT FOR DAMAGES**
    SERRANO, individually.          )
16                                  )    1.  Excessive Force/Unreasonable
                                    )        Seizure (42 U.S.C. § 1983);
17              Plaintiffs,         )    2.  Municipal Liability for
                                    )        Unconstitutional Custom, Practice,
18              vs.                 )        or Policy (42 U.S.C. § 1983);
                                    )    3.  Substantive Due Process Violation
19  MENH TRIEU, COUNTY OF SAN      )        (42 U.S.C. § 1983);
    MATEO, DOES 1 THROUGH 10,      )
20  INCLUSIVE,                      )
                                    )    **DEMAND FOR JURY TRIAL**
21              Defendants.         )
                                    )
22  _____ )

23

24              **COMPLAINT FOR DAMAGES**

25  COME NOW PLAINTIFFS ESTATE OF YANIRA SERRANO, by and through

26  successors in interest, CARMEN GARCIA and IGNACIO SERRANO, and CARMEN

27  GARCIA, IGNACIO SERRANO, LORENZO SERRANO, individually, and allege

28  as follows:

## INTRODUCTION

1.  This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of Yanira Serrano by San Mateo County Sheriff's deputy Menh Trieu and to establish the violations of fundamental rights under the United States Constitution in connection with the shooting and killing of Yanira Serrano on June 3, 2014.

2.  Yanira Serrano was a dynamic and loving daughter and sister. Her death has been a profound and unimaginable loss to her parents and brother, the present plaintiffs Carmen Garcia, Ignacio Serrano and Lorenzo Serrano.

3.  Without reasonable cause defendant Menh Trieu shot and killed Yanira Serrano, from a distance of approximately 10 feet. The shooting was absolutely unjustified and it is plaintiffs' goal to show that the killing of Yanira Serrano was a senseless and unwarranted act of police abuse.

## PARTIES

4.  At all relevant times, Yanira Serrano ("decedent") was an individual residing in  San Mateo County, California. The claims made by the ESTATE OF YANIRA SERRANO, are brought by Carmen Garcia and Ignacio Serrano, the successors in interest to the Estate of Yanira Serrano pursuant to California Code of Civil Procedure  § 377.32.

5.  Plaintiffs Carmen Garcia and Ignacio Serrano are and were, at all times relevant hereto, residents of the county of San Mateo, and are the natural mother and father of decedent Yanira Serrano.

6.  Plaintiff Lorenzo Serrano is and was, at all times relevant hereto, a resident of the County of San Mateo, and was the natural brother of decedent Yanira Serrano.

7.  Defendant COUNTY OF SAN MATEO (hereafter, "COUNTY"), is and, at all times mentioned herein, was a public entity, duly organized and existing under and by virtue of the laws of the state of California, with the capacity to

2

1   sue and be sued. Defendant COUNTY is responsible for the actions,
2   omissions, policies, procedures, practices and customs of its various agents
3   and agencies. At all times relevant to the facts alleged herein, Defendant
4   COUNTY was responsible for assuring that the actions, omissions, policies,
5   procedures, practices and customs of its employees complied with the laws
6   and the Constitutions of the United States and of the State of California.

7 8.   The COUNTY OF SAN MATEO Sheriff's Office (hereinafter "SMSO") is a
8   subdivision of defendant COUNTY OF SAN MATEO.

9 9.   Defendant Menh Trieu is a deputy sheriff working for the SMSO. He is sued
10   in his official and individual capacity. At all times relevant to the present
11   action, defendant Menh Trieu was acting under the color of law, to wit,
12   under the color of the statutes, ordinances, regulations, policies, customs,
13   and usages of defendant COUNTY and the SMSO, as well as under the color
14   of the statutes and regulations of the State of California.

15 10.   At all relevant times, each of DOES 1 through 10 were employees of the
16   SMSO. At all times relevant herein, each of DOES 1 through 10 was an
17   employee and/or agent of defendant COUNTY and he or she acted under
18   color of law, to wit, under the color of the statutes, ordinances, regulations,
19   policies, customs, and usages of Defendant COUNTY and the SMSO, as
20   well as under the color of the statutes and regulations of the State of
21   California.

22 11.   At all relevant times, each of the Defendants DOES 1 through 10 was acting
23   within his or her capacity as an employee, agent, representative and/or
24   servant of COUNTY and are sued in their individual capacities.

25 12.   On information and belief, at all relevant times, defendants Menh Trieu and
26   DOES 1 through 10, inclusive, were residents of COUNTY OF SAN
27   MATEO, California.

28 ////

3

13.  The true names of defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

14.  Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

**JURISDICTION AND VENUE**

15.  This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

////

16.   Venue is proper in this Court under 28 U.S.C. § 1391(b), because defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, COUNTY OF SAN MATEO, California.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.   Yanira Serrano  was born on April 16, 1998, and was she was 18 years old, at the time of her death.  She was five feet, two inches tall and weighed 200 pounds.   She was born with a congenital defect of her left calf and foot; causing both to be significantly atrophied.  Because of her obese condition and her atrophied left foot/leg, she could not meaningfully run and limped badly.

19.   Based on information and belief, Plaintiffs contend that defendant Mehn Trieu was initially a member of the Millbrae Police Department (MPD) became a member of the SMSO when the MPD was absorbed by the SMSO in 2012.  The SMSO's absorption of the police departments from Millbrae, San Carlos and Half Moon Bay caused the ranks of the SMSO to swell precipitously over a short period of time.  The SMSO absorbed approximately 140 police officers from these departments, including defendant Mehn Trieu.  The SMSO provided very little, if any additional training, to the absorbed officers.  Most of the officers went immediately to SMSO jail facilities for an extended period and then were assigned out to patrol.  Such was the case with defendant Mehn Trieu, who, for example was not provided the mandated Crisis Intervention Training (CIT) before he was assigned for patrol.  This training teaches deputies to effectively deal with someone who is in crisis and suffers from mental illness.  The CIT program introduces officers to mental health experts, those who live with mental

health issues and their family members.   The SMSO failure to provide this
training to Mehn Trieu made Mehn Trieu incompetent to safely handle
contact with persons suffering from mental illness.

20.   On Tuesday, June 3, 2014, at approximately, 9:21 p.m., Lorenzo Serrano
called 911 to request medical assistance for his sister.  She suffered from a
mental illness and was refusing to take her medication.   Lorenzo was calm
throughout the conversation, spoke clearly to the dispatcher/911-operator,
and made it unequivocally clear that the incident was purely medical and
non-violent.

21.   During the call, when asked by San Mateo County Dispatcher 517 what type
of emergency 911 operator what kind of assistance was required, Lorenzo
Serrano specifically requested medical and indicated "this is not really an
emergency, I'm calling because my sister has schizophrenia".  He adds that
"she's not taking the medication, she's acting out and she's yelling at my
parents."   Lorenzo Serrano is asked by the dispatcher if she is violent and
Lorenzo Serrano indicates she is; when asked to clarify what he means by
violent, Lorenzo indicates she is yelling at her parents and confirms that she
was not hitting anyone and was not violent.  He confirms that she is not
suicidal, that she is alert, that she is inside their home with her parents, and
that she does not have a weapon.   The dispatcher informs Lorenzo Serrano
that he is sending paramedics, and instructs Lorenzo as to the steps he is to
take to prepare Yanira Serrano for the medical help that is arriving.

22.   While Lorenzo Serrano is on the phone with the 911 dispatcher, plaintiff
Carmen Garcia informs the dispatcher that she has taken her medication and
that she and her father were getting into their LandRover/SUV parked in
front of the house.   Lorenzo Serrano informs his parents that the paramedics
are on their way and he asks his mother to take her back into the house.

////

23. Carmen Garcia and Yanira Serrano go back into the house, and Yanira Serrano takes some fruit from the kitchen table and takes a paring knife to cut up the fruit.

24. While Yanira Serrano is in the family's house, defendant Mehn Trieu arrives, at the location. He is in SMSO patrol unit number 2C76. He was not initially assigned to the call. The call had been assigned to another patrol cars, SMSO unit 2C72. SMSO unit 2C71 was assigned to assist. But both of these responding units had gotten lost and could not find the location, as they were unfamiliar with the area. They radioed for help in getting to the location and were informed that the location was next to the SMSO substation on Miramontes Pointe Road.

25. Defendant Mehn Trieu had acknowledged the call as an assisting unit and was not the handling deputy on the call. With deliberate indifference to his own safety and the safety of others, he stopped his patrol car along the side of the Serrano home and immediately existed his patrol car. He knew he was the only unit there and that he was the only deputy there. He knew, or should have known, the standard police training required him to wait for other units to arrive, including a responding supervisor. He knew, per the dispatcher's information, that the calling parties were not in danger and that there was no imminent threat to life or serious bodily injury. He knew, or should have known, that inserting himself blindly into the circumstances would escalate the emotions present at the time and contribute to the deterioration of Yanira Serrano's state of mind.

26. As defendant Mehn Trieu approached the Serrano home, Yanira Serrano was exiting the home. She had the paring knife in her hand. When she saw him she hobbled toward him with the knife in her hand. Mehn Trieu drew his firearm and began to move away from Yanira Serrano. She approach him and when she got to approximately ten feet from him he shot her once in the

chest.   There were no persons standing in the vicinity of Mehn Trieu and Yanira Serrano did not threaten or otherwise pose an immediate threat of death or serious bodily injury to defendant Mehn Trieu.  There was no reasonable basis for him to shoot her, and her actions toward him were the result of his careless and grossly reckless pre-shooting conduct.

27.   The gunshot that struck Yanira Serrano caused her great pain and suffering.  Some time after being shot, she died on the street where she fell.

28.   Yanira Serrano was a special needs child with mental health problems as she suffered from schizophrenia.   She was a kind and charismatic girl who was loved by her family and friends.  Her parents and brother, the present plaintiffs, enjoyed a strong and meaningful relationship with Yanira that was full of love.  The present plaintiffs were present at the location when the shooting occurred and contemporaneously experienced the shooting and killing of Yanira Serrano.  They approached Yanira as she lay in the street and were prohibited from comforting her by defendant Mehn Trieu.  He pointed his handgun at them and ordered them to stay away from her.

## FIRST CLAIM FOR RELIEF
### Excessive Force/Unreasonable Seizure
### 42 U.S.C. § 1983
### Against Defendant Menh Trieu

29.   Plaintiff Estate of Yanira Serrano, by and through successors in interest, Carmen Garcia and Ignacio Serrano, repeats and re-alleges each and every allegation in paragraphs 1 through 28 of this Complaint with the same force and effect as if fully set forth herein.

30.   At the time that Yanira Serrano was shot, she was not engaging in, nor had she engaged in, any assaultive or threatening conduct.  Under the totality of the relevant circumstances that existed, she posed no danger or threat to

////

defendant Menh Trieu or anyone else.  The shooting and killing of Yanira Serrano was unreasonable under the circumstances in every respect.

31.  When defendant Menh Trieu shot and killed Yanira Serrano, he violated Yanira Serrano's right to be free from unreasonable seizures as guaranteed under the Fourth Amendment to the United States Constitution.

32.  After being shot by Mehn Trieu, Yanira Serrano endured great physical and emotional pain and suffering.

33.  Menh Trieu's shooting and killing of Yanira Serrano was willful and done with a deliberate disregard for the rights and safety of Yanira Serrano and, therefore, warrants the imposition of punitive damages as to defendant Menh Trieu.

**SECOND CLAIM FOR RELIEF**

**Municipal Liability for Unconstitutional**

**Customs and Practices**

**42 U.S.C. § 1983**

**Against Defendants COUNTY OF SAN MATEO and DOES 1 through 10**

34.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 33 of this Complaint with the same force and effect as though fully set forth herein.

35.  On and before June 3, 2014 and prior to the shooting of Yanira Serrano, Defendant COUNTY OF SAN MATEO and DOES 1 through 10 were aware that Defendant Menh Trieu, and various other SMSO deputies, had not received proper and necessary training in safely dealing with and managing persons with mental illnesses.

36.  Defendants COUNTY OF SAN MATEO and DOES 1 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present plaintiffs and decedent, and of persons in their

9

class, situation and comparable position, knowingly allowed deputies to undertake patrol in San Mateo county without proper training in the handling of persons with mental illness.  These included officers from absorbed police departments from Millbrae, San Carlos and Half Moon Bay who were allowed to proceed to patrol duties without such training.  Said defendants knew that such untrained deputies would encounter persons with mental illnesses and would respond with inappropriate and excessive force.

37.   By reason of the aforementioned custom and practice, Yanira Serrano was severely injured and subjected to pain and suffering and lost her life.

38.   Defendants COUNTY and DOES 1 through 10 together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient practice and custom alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such custom and practice.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these custom/practice with respect to the constitutional rights of decedent, Plaintiffs, and other individuals similarly situated.

39.   This practice and custom implemented and maintained and still tolerated by Defendant COUNTY were affirmatively linked to and were a significantly influential force behind the injuries of decedent and Plaintiffs.

40.   By reason of the aforementioned acts and omissions Yanira Serrano was killed and her parents and brother suffered the loss of her love, affection, society and moral support.

41.   Accordingly, Defendant COUNTY and DOES 1 through 10 are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

////

////

### THIRD CLAIM FOR RELIEF
### Interference with Familial Integrity
### Substantive Due Process Violation
### 42 U.S.C. § 1983
### Against Defendants MENH TRIEU, COUNTY OF SAN MATEO,
### and DOES 1 through 10

42. Plaintiffs Carmen Garcia, Ignacio Serrano and Lorenzo Serrano repeat and re-allege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43. The present claim is brought pursuant to 42 U.S.C., section 1983, for violation of the right of familial integrity guaranteed by the Fourteenth Amendment of the U.S. Constitution.

44. As alleged above, the shooting of Yanira Serrano was unreasonable under the circumstances of the encounter between Yanira Serrano and Defendant Menh Trieu.  As such, the shooting and killing of Yanira Serrano violated the constitutional limits on police use of deadly force; i.e., the Fourth Amendment's limits on unreasonable seizures.

45. At the same time, the shooting and killing of Yanira Serrano by Menh Trieu violated the rights of Carmen Garcia, Ignacio Serrano and Lorenzo Serrano to be free from police interference in their relationship with Yanira Serrano.

46. The unreasonable conduct of Menh Trieu was the direct and proximate cause of the death of Yanira Serrano.  As a result of the unreasonable conduct of Menh Trieu, plaintiffs Carmen Garcia, Ignacio Serrano and Lorenzo Serrano lost Yanira Serrano as well as her love, affection, society and moral support.

47. Menh Trieu's shooting and killing of Yanira Serrano was willful and done with a deliberate disregard for the rights and safety of Yanira Serrano and therefore warrants the imposition of punitive damages as to defendants Menh Trieu.

11

48.     Menh Trieu's shooting and killing of Yanira Serrano was willful and done
        with a deliberate disregard for the rights of Carmen Garcia, Ignacio Serrano
        and Lorenzo Serrano and therefore warrants the imposition of punitive
        damages as to defendant Menh Trieu.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs  requests entry of judgment in their favor and
against Defendants as follows:

A.      For compensatory damages in the amount to be proven at trial;

B.      For punitive damages against defendant Menh Trieu in an amount to be
        proven at trial;

C.      For interest;

D.      For reasonable costs of this suit and attorneys' fees, including attorneys
        fees pursuant to 42 U.S.C. § 1988; and;

E.      For such further other relief as the Court may deem just, proper, and
        appropriate.

Respectfully Submitted,

Dated: September 8, 2014          CASILLAS, MORENO & ASSOCIATES

                                  By____ /s/ *Arnoldo Casillas*_____
                                      ARNOLDO CASILLAS
                                      ATTORNEY FOR PLAINTIFFS
                                      ESTATE OF Yanira Serrano, Carmen Garcia,
                                      Ignacio Serrano and Lorenzo Serrano.

**DEMAND FOR JURY TRIAL**

COME NOW PLAINTIFFS ESTATE OF Yanira Serrano, Carmen Garcia, Ignacio Serrano and Lorenozo Serrano and demand a trial by jury.

Dated: September 8, 2014                    CASILLAS, MORENO & ASSOCIATES

By____/s/ *Arnoldo Casillas*_____
ARNOLDO CASILLAS
ATTORNEY FOR PLAINTIFFS
ESTATE OF Yanira Serrano, Carmen Garcia,
Ignacio Serrano

13